[PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

_____

No. 10-14534

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 5, 2010
JOHN LEY
CLERK

TROY ANTHONY DAVIS,

Petitioner-Appellant,

versus

WILLIAM TERRY,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Georgia

_____

BEFORE: DUBINA, Chief Judge, BARKETT and MARCUS, Circuit Judges.

BY THE COURT:

Petitioner, Troy Anthony Davis, filed a certificate of appealability ("COA),

with this court following the district court's denial of his request for a COA.

Pursuant to 28 U.S.C. § 2253(c), a habeas petitioner may not appeal from a district

court's adverse ruling unless a circuit justice or judge issues a COA. A court will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04 (2000). To satisfy this standard, a petitioner must show that it is debatable among reasonable jurists that the district court's assessment of the claim was wrong. *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604.

Because of the unusual procedural posture of this case, we set forth the procedural history of this case in detail. In 1991, a Georgia jury convicted Davis of murder, obstruction of a law enforcement officer, two counts of aggravated assault and possession of a firearm during the commission of a felony. The trial court sentenced Davis to death for the murder conviction. The Supreme Court of Georgia affirmed Davis's convictions and death sentence. *Davis v. State*, 426 S.E.2d 844 (Ga. 1993). The United States Supreme Court denied Davis's petition for writ of certiorari. *Davis v. Georgia*, 510 U.S. 950, 114 S. Ct. 396 (1993). Subsequently, in 1994, Davis filed a petition for writ of habeas corpus in Georgia Superior Court, which the court denied. The Georgia Supreme Court affirmed the denial of Davis's habeas petition, *Davis v. Turpin*, 539 S.E.2d 129 (Ga. 2000), and

the United States Supreme Court denied his petition for writ of certiorari, *Davis v. Turpin*, 534 U.S. 842, 122 S. Ct. 100 (2001).

In 2001, Davis filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal district court. The district court denied his petition for relief, and this court affirmed. *Davis v. Terry*, 465 F.3d 1249 (11th Cir. 2006), *cert. denied*, 551 U.S. 1145 (2007). In 2008, Davis filed an application with this court for leave to file a second or successive habeas corpus petition, and this court denied his application. *In re Davis*, 565 F.3d 810 (11th Cir. 2009). In that opinion, we specifically noted that Davis could "petition the United States Supreme Court to hear his claim under its original jurisdiction." *Id.* at 826.

Davis followed our suggestion and filed an original habeas corpus petition in the United States Supreme Court, citing 28 U.S.C. §§ 2241, 2254(a), 1651(a), and Article III of the U.S. Constitution, as providing the basis for the Supreme Court's jurisdiction. Upon consideration, the Supreme Court ordered that:

> The petition for a writ of habeas corpus is transferred to the United States District Court for the Southern District of Georgia for hearing and determination. The District Court should receive testimony and make findings of fact as to whether evidence that could not have been obtained at the time of trial clearly establishes petitioner's innocence.

*In re Davis*, ___ U.S. ___, 130 S. Ct. 1, 1 (2009).

Upon receipt of the order from the United States Supreme Court, the district court conducted an evidentiary hearing to determine whether Davis could establish his innocence of the murder conviction. In its order of August 24, 2010, the district court denied Davis relief, concluding that Davis failed to show actual innocence of his murder conviction. *In re Davis*, No. CV409 – 130, 2010 WL 3385081, *1, 61 (S. D. Ga. Aug. 24, 2010). The district court, in a footnote, questioned the jurisdictional effects, particularly with respect to appeal, of the Supreme Court's transfer and suggested that appeal of its order would be directly to the Supreme Court. *Id.* at *1 n.1. Davis, also uncertain about his avenue of appeal, filed an appeal with this court from the district court's finding because he concluded that a direct appeal to the United States Supreme Court was not explicitly authorized by Supreme Court Rule, federal statute, or Supreme Court precedent. However, in an abundance of caution, Davis also filed a direct appeal to the United States Supreme Court. As of this date, the Supreme Court, nor this court, have ruled on Davis's respective appeals.

Now Davis has filed a request for COA in this court. In its denial of Davis's request for a COA, the district court expressed its doubt that this court had jurisdiction to hear an appeal from its finding that Davis did not establish his innocence of the murder conviction. *In re Troy Anthony Davis*, No. CV409 – 130

(S. D. Ga. Oct. 8, 2010).  The district court emphasized that the Supreme Court exercised its *original* jurisdiction when it transferred the case to the district court. The district court reasoned that it was clear that the Supreme Court was exercising its original jurisdiction because if it were operating within the confines of its appellate jurisdiction, "it would have been unable to entertain the petition because [Davis] had not obtained leave to file a second or successive petition."  Dist. Court Order at 2, citing *Felker v. Turpin*, 518 U.S. 651, 661, 116 S. Ct. 2333, 2338–39 (1996).

We agree with the district court's reasoning.  Davis could only bring his claim under the Supreme Court's original jurisdiction because he had exhausted his other avenues of relief.  The district court denied his first federal habeas petition, this court affirmed on appeal, and the Supreme Court denied review. Davis was prohibited from filing a second or successive habeas petition absent an order from this court authorizing such a filing.  28 U.S.C. § 2244(b).  We denied his request for leave to file a successive petition, and there was no further review authorized by law.  28 U.S.C. § 2244(b)(3)(E).  Therefore, Davis filed a habeas petition pursuant to the Supreme Court's *original* jurisdiction.  If this court granted Davis's request for a COA and reviewed the district court's order at this juncture, as Davis requests, we would effectively be restoring his remedies in

federal court, in complete contradiction to the express intent of Congress.  In effect, we would be nullifying our previous decision denying Davis leave to file a successive habeas petition.  We decline to do that.

Accordingly, we dismiss the appeal and deny his request for a COA.

Appeal is DISMISSED; Request for COA is DENIED.

BARKETT, Circuit Judge, specially concurring:

I agree that Davis's application for a certificate of appealability should be denied on the ground that his appeal from the district court's order lies in the Supreme Court, not this Court, as Davis filed an original habeas petition in the Supreme Court. I write separately only to clarify that my agreement on this point in no way detracts from my earlier opinion dissenting from this Court's denial of Davis's application to file a second or successive habeas petition. In re Davis, 565 F.3d 810, 827-31 (11th Cir. 2009) (Barkett, J., dissenting). In that opinion, I expressed the view that AEDPA's limitations on filing a second or successive habeas petition "cannot possibly be applied when to do so would offend the Constitution and the fundamental concept of justice that an innocent man should not be executed." Id. at 827.